## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| Catherine Konyha, | : |
| | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| | : |
| Global Trust Management LLC, | : **DEMAND FOR JURY TRIAL** |
| | : |
| Defendant. | : |
| | : |
| | : |

## COMPLAINT & JURY DEMAND

For this Complaint, the Plaintiff, Catherine Konyha, by undersigned counsel, states as follows:

## JURISDICTION

1.     This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") in their illegal efforts to collect a consumer debt.

2.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3.    The Plaintiff, Catherine Konyha ("Plaintiff"), is an adult individual residing in Pontiac, Michigan, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.    Defendant Global Trust Management LLC ("Global"), is a Florida business entity with an address of 5840 West Cypress Streetб Tampa, Florida 33607, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5.    Global at all times acted by and through one or more of the collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6.    The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7.    The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.    The Debt was purchased, assigned or transferred to Global for collection, or Global was employed by the Creditor to collect the Debt.

9.    The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. **Global Engages in Harassment and Abusive Tactics**

10.     On or about April 29, 2020, Global contacted Plaintiff in an attempt to collect the Debt.

11.     Global spoke to Plaintiff in a rude and abusive manner and hung up on Plaintiff.

12.     Plaintiff called Global back and requested to speak with a manager.

13.     During its conversation with Plaintiff, Global demanded that Plaintiff make an immediate payment towards the Debt.

14.     Plaintiff informed Global of her current financial hardship due to medical issues and being currently unemployed.

15.     Global stated that if Plaintiff did not make an immediate payment towards the Debt it would be returning the account to the Creditor and that Plaintiff would be sued for the Debt.

16.     To date, Global and/or the Creditor have not initiated legal action against Plaintiff.

17.     Global's actions caused Plaintiff a significant amount of frustration, stress and anxiety.

### C. **Plaintiff Suffered Actual Damages**

18.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

19.     As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from anger, anxiety, emotional distress, fear and frustration.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

20.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.     The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

22.     The Defendant's conduct violated 15 U.S.C. § 1692d(2) in that Defendant used profane and abusive language when speaking with the consumer.

23.     The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

24.     The Defendant's conduct violated 15 U.S.C. § 1692e(5) in that Defendant threatened to take legal action, without actually intending to do so.

25.     The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

26.     The Defendant's conduct violated 15 U.S.C. § 1692f in that

Defendant used unfair and unconscionable means to collect a debt.

27.     The foregoing acts and omissions of the Defendant constitute

numerous and multiple violations of the FDCPA, including every one of the above-

cited provisions.

28.     The Plaintiff is entitled to damages as a result of Defendant's

violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against

Defendant:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against

    Defendant;

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C.

    §1692k(a)(2)(A) against Defendant;

3.  Costs of litigation and reasonable attorney's fees pursuant to 15

    U.S.C. § 1692k(a)(3) against Defendant;

4.  Actual damages from Defendant for the all damages including

    emotional distress suffered as a result of the intentional, reckless,

    and/or negligent FDCPA violations in an amount to be

    determined at trial for the Plaintiff;

5.  Punitive damages against Defendant; and

6.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 20, 2021

Respectfully submitted,

By: /s/ Sergei Lemberg, Esq.
Attorney for Plaintiff Catherine Konyha
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:   (203) 653-3424
Email: slemberg@lemberglaw.com